UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORIO CANEL AJBAL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 26-10190-LTS |
| DAVID WESLING et al., | ) ) ) | |
| Respondents. | ) ) ) | |

ORDER ON HABEAS PETITION

February 2, 2026

SOROKIN, J.

     Gregorio Canel Ajbal is a citizen of Guatemala who has lived in the United States for nearly twenty years. Doc. No. 1 ¶ 2. He was arrested on December 28, 2025, by federal immigration agents and has been detained by U.S. Immigration and Customs Enforcement ever since. Id. ¶¶ 1, 3. On January 16, 2026, he filed a petition pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. He alleged his detention was unlawful unless he was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). In addition, Canel Ajbal alleged he is a member of the class of individuals to whom another session of this Court has issued the following class-wide declaratory judgment:

> [T]he members of the certified class are not subject to detention under 8 U.S.C. § 1225(b)(2). Defendants' policy of subjecting members of the certified class to detention under 8 U.S.C. § 1225(b)(2)(A) without consideration for bond and a custody redetermination (i.e., bond) hearing is unlawful and violates the Immigration and Nationality Act and its regulations. The members of the certified class are subject to detention under 8 U.S.C. § 1226(a), including access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges.

Guerrero Orellana v. Moniz, No. 25-cv-12664, 2025 WL 3687757, *10 (D. Mass. Dec. 29, 2025).  All of the respondents before this Court in this action are also defendants in Guerrero Orellana, as is the Attorney General of the United States.

The respondents answered Canel Ajbal's petition with an abbreviated memorandum, as has become their practice in cases such as this one over the past several months.  Doc. No. 8.  They concede that Canel Ajbal raises a claim that is materially the same as those raised by other petitioners, and that this Court "would reach the same result" in this case as it has in those other cases, were it to "follow its reasoning" again.  Id.  In the memorandum, the respondents did not contest Canel Ajbal's assertion of membership in the Guerrero Orellana class.  Upon receipt of a memorandum like this, the Court ordinarily would accept the respondents' concession of factual and legal similarity and on that basis order the petitioner's release within seven days unless the respondents provided him a bond hearing pursuant to § 1226(a)—at which the government would bear the burden of proof established by the First Circuit for such proceedings, and detention could not be urged or imposed by the respondents on the basis of § 1225.

Here, however, the abbreviated response included an atypical representation: in a footnote, the respondents informed the Court that a bond hearing had "already been scheduled" for this petitioner.  Id. at 1 n.1.  Based on this detail—and assuming the respondents, when conducting the scheduled bond hearing, would apply the law consistent with the above-quoted class-wide declaration issued by a federal court in a case in which the petitioner and all respondents are parties—the Court decided not to issue an order requiring a bond hearing (when one was already scheduled).  Instead, it directed the parties to provide an update following the bond hearing.  See Doc. No. 9 (ordering a "joint status report"); see also Doc. No. 10 (reporting,

2

in document bearing signatures of counsel for both sides, that bond hearing was briefly delayed due weather-related closure of immigration court).

A status report filed and signed only by Canel Ajbal's counsel on January 30, 2026, has proven the Court's assumption wrong.  The report describes, and is accompanied by, a decision of an immigration judge ("IJ") denying bond.  Doc. No. 12; Doc. No. 12-1.  Though the IJ was "aware of the decision" in Guerrero Orellana, "the agency's position is that the declarative order . . . does not operate as an injunction and does not purport to vacate, stay, or enjoin" a 2025 decision by the Board of Immigration Appeals ("BIA") that is contrary to—and explicitly discussed and rejected by—Guerrero Orellana.  Doc. No. 12-1 at 1.  The IJ reasoned that they "remain[ed] obligated to follow" the BIA decision, notwithstanding the intervening federal-court declaration, which placed the question of bond in this case beyond the authority of the IJ.  Id. The IJ noted that, but for the BIA precedent, an order would have issued permitting Canel Ajbal's release "under bond of $6,000." Id.

As Guerrero Orellana explains, and as the undersigned and nearly every other session of this Court have likewise concluded, the BIA's interpretation of §§ 1225 and 1226 is wrong. 2025 WL 3687757, at *5–7; see Sampiao v. Hyde, 799 F. Supp. 3d 14, 26–29 & n.11 (D. Mass. 2025).  The respondents' continued reliance on § 1225 to justify detaining Canel Ajbal violates federal law.  His detention is governed by § 1226(a).  Accordingly, it is hereby ORDERED as follows:

1) The respondents shall RELEASE Canel Ajbal immediately upon the posting of a $6,000 bond;

2) Upon his release, the respondents shall return to Canel Ajbal any and all possessions taken from him at the time of his arrest;

3) The respondents shall not retaliate against Canel Ajbal for the filing of this habeas petition; and

4) The parties shall file a joint status report by Thursday, February 5, 2026, at 6 PM concerning Canel's Ajbal's bond/custody status.

One further issue remains. As noted above, all the respondents in this case are defendants in Guerrero Orellana. Canel Ajbal is a member of the Guerrero Orellana class. The declaration of law issued in that case concerning the class members' detention is a declaration of the law as it applies to Canel Ajbal. A separate partial final judgment has entered in Guerrero Orellana as to that portion of the case, and to date (as far as this Court is aware) no court has stayed that final judgment. As such, the declaratory judgment excerpted earlier in this Order governs Canel Ajbal's detention and binds the respondents with respect thereto. The record before the Court demonstrates that the respondents disregarded that binding declaration of law when a member of the certified class sought to enforce it. <u>By 6 PM on Monday, February 9, 2026, the respondents shall file a supplemental memorandum of law in this case explaining why the denial of bond to Canel Ajbal in these circumstances was not a violation of law</u>.

SO ORDERED.

    /s/ Leo T. Sorokin
United States District Judge